Mr. Justice Thacher
delivered the opinion of the court.
The principle contended for by the plaintiffs in error, in this case, is undoubtedly correct, and was so settled in Reeves v. Burnham, 3 How. Rep. 1. It was there held that judgments, created by operation of law, upon the forfeiture of forthcoming bonds, possess the same qualities, and are considered in the same light, as judgments obtained in the ordinary mode of proceeding. And when more than a year and a day have been permitted to elapse from the date of a judgment, without' proceedings having been undertaken to enforce it, the judgment must be revived by scire facias. An execution, without such revival, is irregular.
But this case is not presented to us in a shape by which this doctrine can be brought to bear upon any such error. The bill of exceptions embraces solely, the general statement that the court below was called upon to set aside an execution upon a forthcoming bond, because it had issued more than a year and a day after the lapse of the date of the judgment, and that the *511 court overruled the motion. This is all that is certified to by the court. The subsequent papers set out in the record, do not constitute the record for the purpose of bringing to the eye of this court, the errors sought to be reversed. This has been repeatedly decided by this court. Maulding v. Rigby, 4 How. R. 222. Carmichael v. Browder's Administrator, ib. 431. Barfield, et al. v. Impson, July term, 1843. In the latter case, the'court say, “we cannot notice"; as has already been frequently decided, a mere certificate of the clerk, that this or that evidence was introduced; the certificate of the court is required.” The same rule holds also in relation to any proceedings, whereon the merits of a motion may be based, and necessarily require an inspection by this court. This court is bound to presume the judgment of the court below to be valid, unless, from a review of the grounds of such judgment, certified to by that court, manifest error is apparent.
The judgment must be affirmed.